NO. 07-02-0175-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 17, 2002

_____

ROSA SCOTT ALSOBROOKS, J&L COMMUNITY CENTER,
INC., HOUSTON SOUTHWEST HEALTH SERVICES, INC., AND
HOUSTON NORTHEAST HEALTH SERVICES, INC., APPELLANTS

V.

AFUAH BOATENG, ET AL., APPELLEES

_____

FROM THE 280TH DISTRICT COURT OF HARRIS COUNTY;

NO. 2001-05070; HONORABLE TONY LINDSAY, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON MOTION TO DISMISS

Appellants Rosa Scott Alsobrooks, J&L Community Center, Inc., Houston Southwest

Health Services, Inc., and Houston Northeast Health Services, Inc., appealed from a

judgment entered in favor of appellees Afuah Boateng, Johnell Fernandez, Sharon Gay,

Joel Hochman, Rosalind Hull, Gloria Tucker, and Missy Walker. The clerk's record has been filed in this matter.

However, we now have before us a motion to dismiss the appeal filed by appellants' counsel, who asserts that appellants have failed to contact him regarding a prosecution of the appeal, return phone calls or accept certified mail, defray the costs of appeal as orally agreed, and refuse to contact him regarding the signing of a written agreement regarding appeal. Counsel states that to date, he has defrayed the costs of appeal himself. Appellants were sent copies of the cover letter to this court showing that the motion to dismiss was being filed, and no response has been received by this court from appellants. Counsel further asserts that appellees have no objection to the motion to dismiss.

In a civil case, we may dismiss an appeal for want of prosecution when an appellant fails to timely file a brief. Tex. R. App. P. 38.8.(a)(1). We may also dismiss an appeal for want of prosecution when the court clerk fails to file the clerk's record because appellant has failed to pay or make arrangements to pay for the clerk's fee for preparing the record unless appellant was entitled to proceed without payment of costs. Tex. R. App. P. 37.3(b). Additionally, we may dismiss an appeal on any party's motion for want of prosecution. Tex. R. App. P. 42.3.

It is apparent that appellants will not file a brief in this matter because they have failed to pay for the clerk's record or compensate their appellate attorney. Thus, while the

motion to dismiss was filed by appellants' attorney initially without their consent, it appears that notification has been attempted by counsel without response. It also appears that appellants have taken no action to diligently prosecute their appeal. Under these facts, we believe we can and should dismiss the appeal for want of prosecution.

Accordingly, the appeal is hereby dismissed.

John T. Boyd
Chief Justice

Do not publish.

3